2007 WY 71

**Steven A. DeLOGE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–189.

Supreme Court of Wyoming.

April 27, 2007.

Rehearing Denied May 23, 2007.

Representing Appellant: Steven A. De-Loge, pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Mr. DeLoge appeals from an order denying his post-conviction motion for the return of seized property. He claims that he is entitled to the immediate return of the property. Additionally, Mr. DeLoge challenges the denial of his motion to disqualify the district court judge and the denial of his motion for the appointment of counsel. He also claims that his trial and appellate counsel were ineffective. We affirm in part and reverse in part.

*ISSUES*

[¶ 2] Although Mr. DeLoge presents six issues for our review, we find the issues on appeal to be:

 I. Did the district court abuse its discretion when it denied Mr. DeLoge's Motion to Disqualify District Court Judge for Cause?

 II. Did the district court err by denying Mr. DeLoge's Motion for Appointment of Counsel?

 III. Did the district court abuse its discretion when it denied Mr. DeLoge's Motion for Preservation and Return of Seized Property?

*FACTS*

[¶ 3] Mr. DeLoge was originally charged with eleven counts of second degree sexual assault for acts he committed on his eight-year-old stepdaughter in 1999. *DeLoge v. State*, 2002 WY 155, ¶¶ 5, 6, 55 P.3d 1233, 1236–1237 (Wyo.2002) (*DeLoge I*). Pursuant to a plea agreement, he entered pleas of guilty to six counts of second degree sexual assault. He was sentenced to six life sentences on December 1, 2000. We affirmed the judgment and sentence of the district court on October 16, 2002. While his direct appeal was pending, Mr. DeLoge filed a motion to withdraw his guilty pleas. The motion was denied on May 18, 2004, and Mr. DeLoge filed another appeal. We affirmed that decision in *DeLoge v. State*, 2005 WY 152, ¶ 17, 123 P.3d 573, 579 (Wyo.2005) (*DeLoge II*).

[¶ 4] The present case began on October 6, 2003, when Mr. DeLoge filed a Motion for Preservation and Return of Seized Property. Mr. DeLoge sought the return of property that was seized by the State shortly after his arrest in 1999. No responsive pleading from the State appears in the record. The district court did not rule on the motion causing Mr. DeLoge to believe it was deemed denied after 90 days pursuant to W.R.C.P. 6(c)(2). *DeLoge II*, ¶ 11, 123 P.3d at 578. He filed a notice of appeal on February 3, 2004.[1] In resolving that appeal, we declined to import

---

1. This appeal was consolidated with Mr. DeLoge's appeal from the order denying his motion

to withdraw his guilty pleas. *See DeLoge II*, ¶¶ 1, 6, 123 P.3d at 573, 575.

W.R.C.P. 6(c)(2) into criminal proceedings and determined that the motion had not been deemed denied. *DeLoge II,* ¶ 12, 123 P.3d at 578. We dismissed the appeal and remanded the case to the district court for resolution of Mr. DeLoge's motion on the merits. *Id.,* ¶ 13, 123 P.3d at 578. We concluded that Mr. DeLoge could "seek to have his property restored to him, absent some justification provided by the State for its continued retention of that property." *Id.,* ¶ 10, 123 P.3d at 577.

[¶ 5] Upon remand, Mr. DeLoge requested a hearing on his motion. He also filed a motion for the appointment of counsel. The district court set a hearing for February 22, 2006, but did not enter an order on the motion for the appointment of counsel. Prior to the scheduled hearing, Mr. DeLoge filed a motion and affidavit seeking to disqualify the district court judge. The case was assigned to a circuit court judge, acting as a district court commissioner, for the limited purpose of hearing the motion to disqualify. Due to this pending motion, the February 22, 2006, hearing was vacated.

[¶ 6] An evidentiary hearing for the disqualification motion was held on March 13, 2006. The circuit court judge concluded that Mr. DeLoge failed to establish judicial bias or prejudice and entered an order denying the motion on April 4, 2006. The case was returned to the district court judge and a hearing on the motion for return of the seized property was set for June 6, 2006. In a separate order, the district court denied the motion for the appointment of counsel finding that Mr. DeLoge was not entitled to court-appointed counsel because this was not a critical stage in the criminal proceedings.

[¶ 7] At the June 6, 2006, hearing, Mr. DeLoge appeared telephonically and repeated his demand for the preservation and immediate return of his property. In response, counsel for the State orally represented that it no longer had possession of Mr. DeLoge's property because it had been transferred to authorities in Mississippi and

Washington in furtherance of ongoing missing person investigations.[2] The State presented no evidence at the hearing. After considering the arguments, the district court entered its order directing the return of Mr. DeLoge's property to the district court for further proceedings when the items are no longer of evidentiary value to the authorities in Mississippi and Washington. This appeal followed.

### DISCUSSION

[¶ 8] Mr. DeLoge raises several issues in this appeal. He alleges error in the denial of his motion to disqualify the district court judge for cause. Mr. DeLoge also claims that his trial and appellate counsel were ineffective for failing to file a motion for the return of seized property on his behalf. He further claims that the district court erred by failing to order the immediate return of his property. Intertwined with the above issues, he challenges the denial of his request for the appointment of counsel. We begin with the denial of his motion to disqualify.

### I. Motion to Disqualify

[¶ 9] Mr. DeLoge contends that the district court abused its discretion by denying his motion to disqualify the district court judge from presiding over future proceedings relating to the return of his seized property. He claims that the record is replete with instances of judicial bias or prejudice. Specifically, he points to the district court's denial of several motions and the court's failure to respond to a request for setting and a request for the June 6, 2006, transcript.

[¶ 10] Motions to disqualify a judge based upon bias or prejudice are governed by W.R.Cr.P. 21.1(b), which provides:

(b) *Disqualification for cause.*—Promptly after the grounds for such motion become known, the state or the defendant may move for a change of judge on the ground that the presiding judge is biased or prejudiced against the state, the attorney for

---

**2.** The investigation in Washington pertains to a missing person report of Mr. DeLoge's half-sister. That investigation has been ongoing for approximately twenty years. The investigation

in Mississippi relates to the disappearance of Mr. DeLoge's common-law wife, who is the mother of Mr. DeLoge's eight-year-old victim.

the state, the defendant or the defendant's attorney. The motion shall be supported by affidavits stating sufficient facts to demonstrate such bias or prejudice. Prior to a hearing on the motion other affidavits may be filed. The motion shall be referred to another judge, or a court commissioner, who shall rule on the motion, and if granted shall immediately assign the case to a judge other than the disqualified judge. A ruling on a motion for a change of judge is not an appealable order, but the ruling shall be made a part of the record, and may be assigned as error in an appeal of the case or on a bill of exceptions.

This rule "does not confer upon appellant the right to disqualify successive judges until he finds one that will grant his motions." *Story v. State*, 788 P.2d 617, 621 (Wyo.1990). Rather, the "rule requires that [the] appellant state facts that would convince a reasonable person with knowledge of all the facts that the judge harbors a personal bias or prejudice against appellant." *Id.* The denial of a motion for disqualification of a judge for cause is reviewed under the abuse of discretion standard. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1100 (11th Cir.2001).

[¶ 11] After holding an evidentiary hearing on the matter, and after taking the case under advisement for review of the entire record, the circuit court judge, sitting by assignment, found that Mr. DeLoge failed to establish judicial bias or prejudice. The court stated that "[o]ther than the fact that rulings in the case were largely adverse to him, Mr. De[L]oge points out no fact, nor has he articulated in argument, that the rulings of the District Court somehow show bias or prejudice against him." We agree.

[¶ 12] To demonstrate judicial bias, or prejudice, an appellant must show more than the fact that the trial court ruled against him, correctly or incorrectly, on a particular matter. *Brown v. Avery*, 850 P.2d 612, 616–617 (Wyo.1993). We have previously explained that

> [b]ias is a leaning of the mind or an inclination toward one person over another. The bias which is a ground for disqualification

of a judge must be personal, and it must be such a condition of the mind which sways judgment and renders the judge unable to exercise his functions impartially in a given case or which is inconsistent with a state of mind fully open to the conviction which evidence might produce.

*Hopkinson v. State*, 679 P.2d 1008, 1031 (Wyo.1984) (quotation marks omitted). Judicial prejudice involves a prejudgment or the forming of an opinion without sufficient knowledge or examination. *Reichert v. State*, 2006 WY 62, ¶ 37, 134 P.3d 268, 278 (Wyo.2006).

[¶ 13] Mr. DeLoge does not direct our attention to anything in the record suggesting that the district court judge harbored personal bias or prejudice against him. Instead, the affidavit filed by Mr. DeLoge in support of his motion to disqualify appears only to restate the allegations made in his previously denied motion to disqualify the district court judge. Those allegations pertained to various adverse rulings on pretrial motions and pleadings. The only new allegation that appears in Mr. DeLoge's current motion to disqualify refers to an unresolved motion for the appointment of counsel. That particular ruling appears to have been stayed pending the outcome of the disqualification motion.

[¶ 14] The district court properly referred the disqualification motion to another judge for resolution on the merits. That judge held a hearing, reviewed the file, and ultimately found that Mr. DeLoge failed to establish judicial bias or prejudice mandating removal for cause. We find no error in the court's denial of Mr. DeLoge's motion for disqualification.

## II. Assistance of Counsel

[¶ 15] Mr. DeLoge's contentions regarding this issue are twofold. First, he alleges that his trial and appellate counsel were ineffective because they failed to file a motion for the return of his property on his behalf.[3] He claims that he made repeated requests for such a motion to be filed and that each

---

3. Mr. DeLoge requested his trial counsel to file a motion after the judgment and sentence was entered. His trial counsel referred the matter to Mr. DeLoge's appellate counsel.

request was ignored. He argues that effective counsel would have sought to retrieve his property promptly after his conviction. Second, Mr. DeLoge contends that he is entitled to the appointment of counsel while seeking the return of his seized property.

[¶ 16] In *DeLoge II*, we explained "that [Mr. DeLoge] has exhausted his state remedies in this criminal matter by means of his direct appeal and two petitions for post conviction relief." ¶ 18, 123 P.3d at 579. We directed the district court to consider Mr. DeLoge's motion for the return of his property, but stated that any additional matters relating to this criminal case could be summarily dismissed or denied. *Id.* In that appeal, Mr. DeLoge raised concerns regarding the effectiveness of his counsel. Because Mr. DeLoge has exhausted all of his state remedies, with the exception mentioned above, we need only address Mr. DeLoge's claims which arose subsequent to the remand.

[¶ 17] After the remand, Mr. DeLoge filed a motion for the appointment of counsel.[4] He contends that his motion for the return of seized property is a critical stage in the proceedings and, therefore, he has the right to the effective assistance of court-appointed counsel. We disagree.

[¶ 18] A defendant's Sixth Amendment right to counsel attaches at the time adversary judicial proceedings are initiated against the defendant. Counsel is required not just at trial, but at critical stages both before and after trial in which the substantial rights of the accused may be affected. Additionally, under Wyo. Stat. Ann. § 7–6–104(c)(vi) (LexisNexis 2003), a needy person who is entitled to be represented is to be represented by counsel at every stage of the proceedings, from the time of the initial appointment by the court until the entry of final judgment, at which time the representation shall end, unless the court appoints counsel for purposes of appeal, correction or modification of sentence.

*Patrick v. State*, 2005 WY 32, ¶ 16, 108 P.3d 838, 843–44 (Wyo.2005) (internal citation and quotation marks omitted). However, "there is no statutory requirement for appointment of counsel at every post-trial motion." *Id.*, ¶ 17, 108 P.3d at 844. "Instead, such a decision rests within the discretion of the district court. Likewise, the United States Constitution does not require counsel for indigent defendants seeking post-conviction relief." *Id.*

[¶ 19] In this case, Mr. DeLoge filed his motion seeking the return of his property after the judgment and sentence was entered. Post-conviction motions for the return of seized property are considered civil proceedings. *United States v. Ramirez*, 260 F.3d 1310, 1314 (11th Cir.2001).[5] Due to the

---

4. It should be noted that Mr. DeLoge filed three separate motions for the appointment of counsel after the remand: (1) a motion for the appointment of counsel; (2) a motion for the temporary appointment of counsel, and (3) a motion requesting the district court rule on the previous motion for the appointment of counsel. It appears that Mr. DeLoge filed these separate motions because the case was transferred to the circuit court judge, to rule on his motion to disqualify the district court judge. For the sake of simplicity, and because only one order was entered addressing Mr. DeLoge's requests, we will refer to all of the motions as one request for the appointment of counsel.

5. *See also United States v. Chambers*, 192 F.3d 374, 376 (3d Cir.1999) (stating that a Rule 41(e) motion made after criminal proceedings end is treated as a civil proceeding for equitable relief); *United States v. Solis*, 108 F.3d 722, 722 (7th Cir.1997) (treating a post-conviction Rule 41(e) motion as a civil equitable proceeding for the

return of the property in question); *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir.1995) (per curiam) (finding that post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action); *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir.1994) (per curiam) (stating that the district court has ancillary jurisdiction to decide a defendant's post-trial motion for return of seized property, and that such motions, if made after the termination of criminal proceedings against the defendant, should be treated as a civil complaint for equitable relief); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (finding that since the defendant's motion was made after the trial concluded, the request for return of the seized property was essentially a civil equitable proceeding); *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir.1987) (determining that motions to return property seized by the government when there

civil nature of the motion, and the related appeal, there is no constitutional right to the effective assistance of counsel. *United States v. Wade*, 291 F.Supp.2d 1314, 1316–17 (D.Fla.2003) (holding that because the motion for return of seized property and the related appeal are civil in nature, there is no constitutional right to the effective assistance of counsel). *See also Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (U.S.1982) (finding that "[s]ince respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely"). Accordingly, the motion for the appointment of counsel was properly denied.

### III. Motion for Preservation and Return of Seized Property

[¶ 20] Mr. DeLoge also challenges the district court's order regarding the disposition of his seized property. After holding a hearing on the Motion for Preservation and Return of Seized Property, the district court entered the following order:

**IT IS HEREBY ORDERED** that at such time as the various law enforcement agencies in Mississippi and Washington have completed their respective cases as it concerns this Defendant and the items are no longer of any evidentiary value to said agencies, the property seized for [sic] the possession of the Defendant shall be returned to this Court for further proceedings in accordance with the law.

Mr. DeLoge claims that the district court abused its discretion by failing to order the immediate return of his property. He contends that seven years of unfettered access to the property is enough. He also claims that by failing to order the immediate return of his property, his due process right to access exculpatory evidence was violated.

[¶ 21] In *DeLoge II*, we determined that Mr. DeLoge was entitled to an evidentiary hearing regarding the return of the seized property pursuant to W.R.Cr.P. 41(e) and Wyo. Stat. Ann. § 7-2-105 (LexisNexis 2005).[6] Rule 41(e), of the Wyoming Rules of Criminal Procedure, provides:

---

are no criminal proceedings pending against the movant are treated as civil equitable proceedings).

6. Wyo. Stat. Ann. § 7–2–105, Disposition and appraisal of property seized or held; notice and order to show cause; judgment, provides:

(a) When personal property not subject to be summarily destroyed is seized or held by any peace officer pursuant to any law of this state, or when property seized by any peace officer is delivered to the appropriate law enforcement agency under provisions other than W.S. 35–7–1049, or property is taken into custody as lost, mislaid or abandoned, the head of the law enforcement agency shall forthwith ascertain as closely as practicable:

(i) The approximate value of the property;

(ii) The facts giving rise to the seizure or custody;

(iii) The name and position of the person making the seizure or taking the property into custody;

(iv) The name and address of the owners of the property or those persons who were in possession of the property at the time of the seizure;

(v) The names and addresses of all persons known to have an interest in the property seized.

(b) Any property seized by a peace officer shall be delivered immediately to the appropriate law enforcement agency. The head of the law

enforcement agency shall maintain custody of the property pending an order of disposal by the court pursuant to this section unless the property is otherwise released according to this section.

(c) If the property is lost, mislaid, abandoned or unclaimed or if possession of the property is unlawful, the law enforcement agency shall seek in circuit court or district court an order to show cause why the property should not be sold or forfeited and sold at public auction or transferred to the use of the law enforcement agency. If the lawful owner of the property can reasonably be ascertained, the property shall be delivered to him without judicial action unless the property constitutes evidence of a crime, the possession of the property would be unlawful or ownership and interest are in dispute.

(d) Notice and proceedings on the order to show cause shall be according to the Wyoming Rules of Civil Procedure, provided notice by publication shall be once each week for two (2) consecutive weeks. The trial of the issues shall be by the court.

(e) On final hearing the order to show cause shall be taken as prima facie evidence that the property is abandoned or unclaimed and is sufficient for a judgment of forfeiture in the absence of other proof.

(f) In disputed ownership cases the burden shall be upon the claimants to show that they are the lawful owners or have a legally recognizable interest in the property.

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the court ... for the return of the property on the ground that such person is entitled to lawful possession of the property. **The court shall receive evidence on any issue of fact necessary to the decision of the motion** ....

(Emphasis added.)

[¶ 22] The general rule requires the return of seized property, other than contraband, to the rightful owner after the termination of criminal proceedings unless the government has a continuing interest in the property. *Sovereign News Co. v. United States,* 690 F.2d 569, 577 (6th Cir.1982). "The government's interest may take different forms as long as it is a legitimate interest." *United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990). However, "[t]he government may not keep [seized property] purely for the sake of keeping [it] or because it is 'hopeful' [it] may be relevant to some future investigation." *Sovereign News Co.,* 690 F.2d at 578. The government has the burden of proof to show that it has a legitimate reason to retain the property. *United States v. Mills,* 991 F.2d 609, 612 (9th Cir. 1993). "The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return." *United States v. Albinson,* 356 F.3d 278, 280 (3rd Cir.2004). The denial of a motion for the return of seized property is reviewed for an abuse of discretion. *See, e.g., Duncan,* 918 F.2d at 654 (due to the equitable nature of the determination, the standard of review is abuse of discretion); *United States v. Chambers,* 192 F.3d 374, 376 (3rd Cir.1999); *Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15, 16–17 (7th Cir.1978); *Frazee v. IRS,* 947 F.2d 448, 449 (10th Cir. 1991).

[¶ 23] At the hearing upon remand, Mr. DeLoge requested the immediate return and preservation of the property listed on the 1999 inventory sheet attached to his motion. In response, the State claimed that it did not have any of Mr. DeLoge's property in its possession and represented that the items had been shipped to Mississippi and Washington to aid in the investigations of two missing persons.[7] The State also advised the district court that the authorities in Washington had previously closed their investigation, but recently reopened it.

[¶ 24] After a motion for the return of seized property is filed, the government is required to demonstrate a specific nexus be-

(g) When the property is encumbered, the court shall, after deducting costs, direct the payment of the encumbrance from the proceeds of any sale of the property or distribute the property equitably between those persons having a legal interest.

(h) The proceedings and judgment of forfeiture shall be in rem and shall be primarily against the property itself.

[There is no subsection (i) in this section as it appears in the printed acts.]

(j) Upon the entry of a judgment of forfeiture the court shall determine the disposition to be made of the property, which may include the destruction or sale of the property or the allocation of the property to some other governmental function or use or otherwise, as the court may determine.

(k) Sale of the property shall be at public auction to the highest bidder for cash after two (2) weeks public notice as the court may direct.

[There is no subsection (*l*) in this section as it appears in the printed acts.]

(m) Upon the application of any claimant, the court may fix the value of a forfeitable interest in the seized property and permit the claimant to redeem the property upon the payment of a sum equal to the value, which sum shall be disposed of as would the proceeds of the sale of the property under a judgment of forfeiture.

(n) The balance of the proceeds, if any, shall be deposited in the general operating account of the state, county or municipal entity that has fiscal authority over the law enforcement agency confiscating the property.

(*o*) This section does not apply to property which is subject to the Uniform Unclaimed Property Act, W.S. 34–24–101 through 34–24–140.

7. Although Mr. DeLoge had a federal habeas corpus petition pending at the time of the hearing, both parties represented to the court that none of the seized property was necessary for that proceeding. Furthermore, the State claimed it did not have any of Mr. DeLoge's property in its possession and that all items had been forwarded to law enforcement agencies in Mississippi and Washington. Given these representations, we find the State's claim that the retention of Mr. DeLoge's property is necessary for the federal habeas corpus proceeding unpersuasive.

tween the seized property and the continuing criminal investigation. *Interstate Cigar Co. v. United States*, 928 F.2d 221, 224 (7th Cir.1991). The government cannot retain property without demonstrating that the property is somehow necessary to that investigation.[8] *Id.* In this case, the State made oral representations that retention of the property was necessary in furtherance of missing person investigations pending in other states. We find that those unsubstantiated representations are insufficient for purposes of demonstrating a continuing legitimate government interest in the retention of Mr. De-Loge's property.

[¶ 25] Rule 41(e) requires the submission of evidence to support continued retention of seized property. Upon remand from this Court, the State did little more than appear for the evidentiary hearing. The State did not provide any evidence to assist the district court in determining whether either Mississippi or Washington had a legitimate interest in retaining the property. The attorney for the State was not under oath. The State did not call any witnesses, or submit any affidavits. No documentation was provided to identify the property sent to Mississippi and the property sent to Washington.

 [¶ 26] In the absence of any evidence presented to the district court, we are unable to find an evidentiary basis to support the order entered by the district court. A district court cannot make a determination regarding the government's legitimate continuing interest in the property without evidentiary support. *Albinson*, 356 F.3d at 284. The State's representation to the district court that the need for the property continues, no matter how credible, is simply insuffi-

cient to meet the heavy burden placed upon it. *See, e.g., Albinson*, 356 F.3d at 281 (finding that government must do more than simply state it has given the property to third parties). *See also United States v. Hess*, 982 F.2d 181, 186–87 (6th Cir.1992) (remanding for an evidentiary hearing because no evidence was taken on the issues raised in the motion for the return of property).

[¶ 27] We find that the district court erred by denying Mr. DeLoge's motion without requiring the State to submit evidence regarding the government's continuing interest in retention of Mr. DeLoge's property. We reverse the district court's Order Directing Final Disposition of Property Seized by Law Enforcement and remand for further proceedings consistent with this opinion. Given this disposition, we find it premature to address Mr. DeLoge's contention that his due process right to access exculpatory evidence was violated.[9]

### CONCLUSION

[¶ 28] We affirm the order denying the disqualification of the district court judge. We also affirm the order denying Mr. De-Loge's motion for the appointment of counsel. However, we reverse the district court's Order Directing Final Disposition of Property Seized by Law Enforcement and remand this case to the district court for further proceedings consistent with this opinion.

---

8. We are troubled by the fact that the Washington investigation was closed at one point and, consequently, the need for Mr. DeLoge's property had ceased. Yet, no property was returned to Mr. DeLoge.

9. We note, however, that in making his argument, Mr. DeLoge does not explain what evidence the State has failed to preserve or what

evidence he believes is exculpatory. Rather, he simply makes bald assertions which contradict his statements that the seized items do not have any evidentiary value and are not relevant to the criminal conviction. In any event, we are unable to address this claim due to the current state of the record.