2009 WY 79

**Kirt Orlando ROYBALL, Jr.,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. S–08–0234.

Supreme Court of Wyoming.

June 17, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender, PDP; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General; Graham M. Smith, Assis-

tant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] The State charged Kirt Orlando Royball, Jr. with three counts of first degree sexual assault and one count of kidnapping. The parties subsequently entered into a plea agreement in which the State agreed to amend the information to charge two counts of third degree sexual assault in place of two of the first degree sexual assault counts and dismiss the remaining sexual assault and kidnapping charges. In exchange, Mr. Royball agreed to plead guilty to the amended counts of third degree sexual assault.

[¶ 2] At the change of plea hearing, the district court judge made statements concerning the plea agreement which caused Mr. Royball to terminate the hearing and file a motion for change of judge on the grounds of bias or prejudice. The circuit court to which the matter was assigned denied the motion. Mr. Royball entered a conditional guilty plea, reserving his right to appeal the denial of his motion for change of judge. We affirm.

### ISSUE

[¶ 3] The issue presented for our determination is whether the circuit court abused its discretion when it denied the motion for change of judge.

### FACTS

[¶ 4] The State charged Mr. Royball with three counts of first degree sexual assault in violation of Wyo. Stat. Ann. § 6–2–302(a)(i) (LexisNexis 2007) for forcible sexual intrusion involving a 13 year old girl. The State also charged him with one count of kidnapping in violation of Wyo. Stat. Ann. § 6–2–201(a)(i), (b)(i) and (c) (LexisNexis 2007) for forcibly confining the victim during the sexual assault. The parties subsequently entered into a plea agreement in which Mr. Royball agreed to plead guilty to two counts of third degree sexual assault in exchange for the State's agreement to amend the charges to allege two counts of third degree sexual assault in place of two of the first degree sexual assault counts and dismiss the remaining count of first degree sexual assault and the kidnapping charge.

[¶ 5] The parties appeared at a change of plea hearing and informed the district court of the terms of the plea agreement. The district court asked the State what the victim and her family thought about the amended charges. The district court expressed concern that the victim and her family went along with the plea agreement because they thought Mr. Royball would serve 30 years in prison when that might not be the outcome. After some discussion, the district court judge stated:

> I'm having trouble understanding this. I know you have the executive division's prerogative of doing as you see fit with the charging and amending that's to be done, but I don't understand how anybody can read this Affidavit of Probable Cause and believe it is appropriate to reduce two first degree rape charges to third degree sexual assault.

Defense counsel responded that she was concerned from these comments that the judge may have prejudged Mr. Royball's behavior and might impose a higher sentence based upon the affidavit supporting the original charges rather than the charges to which Mr. Royball had agreed to plead guilty. Defense counsel asked that the hearing be continued to give her the opportunity to confer with Mr. Royball.

[¶ 6] The following day, Mr. Royball filed a motion for change of judge pursuant to W.R.Cr.P. 21.1(b). As grounds for his motion, Mr. Royball stated:

> This court has indicated by its comments that it has read the Affidavit of Probable Cause in this matter and believes that the acts therein constitute "rape" and indicates an inability to understand why the Defendant is being allowed to enter pleas to lesser charges. The counts of third degree sexual assault to which the Defendant will enter his guilty plea do not contend that the sexual contact was by force or "rape." However, the court, by its comments appears to be convinced that a "rape" oc-

curred and concerned that it could be foreclosed from the opportunity of sentencing the defendant to a sentence which could merge and end up being only one of fifteen years, rather than thirty.

[¶ 7] Mr. Royball asserted the judge's comments demonstrated a personal bias and/or prejudice against him and an inability to perform his judicial duties impartially. He asserted that to proceed under the circumstances would deny him his constitutional and statutory rights. Mr. Royball submitted an affidavit with his motion in which he averred that he was present in the courtroom when the judge made the comments, it was evident to him the judge felt strongly that the State should not have entered into the plea agreement, and the written transcript of the hearing did not demonstrate the emotion behind the judge's words.

[¶ 8] At a hearing convened the same day, the district court judge advised the parties that he would not take himself off the case. He stated:

> I will advise you, Mr. Royball, why I'm not going to do that. When I made those comments, I was concerned about several ... different things. And ... I acknowledge it is not my role to second guess the DA's office as to what they do with regard to whether they amend a complaint. It was not my intention to suggest that. But I was concerned about a couple [of] different things, not so much that I took for granted that the information contained in the Probable Cause Affidavit was correct but rather the charging philosophy of the DA's office, and I guess to a certain extent the negotiation position.
>
> I felt I had a duty to insure that the victim was aware of the plea agreement and of the consequences of that agreement. And in fact it appears as though there was

a possibility that the victim and her family had received some information which might not have been accurate.

> It is not my function, not my responsibility to interfere with the discussions between the DA's office and the victim. But I will tell you, Mr. Royball, that I was concerned about the—as much concerned about the charging philosophy of the DA's office to charge the matter as they did and then reach an agreement which appears to be significantly less—to involve charges that are significantly less than those first charged rather than an assumption on my part that you did exactly what the affidavit alleged you did. I don't know if that makes any sense to you, but that was my thought process. And for that reason I'm not going to recuse myself.

The district court judge entered an order assigning the case to a circuit court judge for the limited purpose of deciding the motion for change of judge.[1]

[¶ 9] The circuit court set the motion for hearing. Prior to the hearing, Mr. Royball filed with the circuit court the amended information, his affidavit and the transcript from the initial change of plea hearing in district court. During the hearing, the circuit court noted that it had reviewed those documents as well as the transcript of the district court hearing held after Mr. Royball filed his motion for change of judge. After the hearing, the circuit court denied the motion, concluding the record did not support a finding that the district court judge was biased against Mr. Royball.

[¶ 10] Back in the district court, Mr. Royball entered guilty pleas to two counts of third degree sexual assault, reserving his right to appeal the denial of his motion for

---

1. Wyo. Stat. Ann. § 5-3-112 (LexisNexis 2007) provides the authority for the district court's assignment. That section states in relevant part:

    (a) A judge of a district court may assign to a circuit court judge any case or proceeding within the jurisdiction of the district court subject only to the following restrictions:

    ....

    (ii) Acceptance of the judge to whom the assignment of the case or proceeding is to be made;

    ....

    (iv) Consent of both the prosecutor and the defendant in a criminal case in which the defendant is charged with any crime for which the aggregate sentences for all crimes charged exceed five (5) years in prison.

    The record is clear that the prosecutor and Mr. Royball agreed to the assignment of the motion to the circuit court and the circuit court accepted the assignment.

change of judge.[2] The district court accepted the pleas and set the matter for sentencing. Following the sentencing hearing, the district court sentenced Mr. Royball to consecutive terms of 11 to 13 years on each third degree sexual assault count.

## STANDARD OF REVIEW

[¶ 11] Motions to disqualify a judge based upon bias or prejudice are governed by W.R.Cr.P. 21.1(b), which provides:

> (b) *Disqualification for cause.*— Promptly after the grounds for such motion become known, the state or the defendant may move for a change of judge on the ground that the presiding judge is biased or prejudiced against the state, the attorney for the state, the defendant or the defendant's attorney. The motion shall be supported by affidavits stating sufficient facts to demonstrate such bias or prejudice. Prior to a hearing on the motion other affidavits may be filed. The motion shall be referred to another judge, or a court commissioner, who shall rule on the motion, and if granted shall immediately assign the case to a judge other than the disqualified judge. A ruling on a motion for a change of judge is not an appealable order, but the ruling shall be made a part of the record, and may be assigned as error in an appeal of the case or on a bill of exceptions.

[¶ 12] The rule requires the party seeking disqualification to state facts that would convince a reasonable person with knowledge of all the facts that the judge harbors a personal bias or prejudice against the party or his attorney. *DeLoge v. State,*

2007 WY 71, ¶ 10, 156 P.3d 1004, 1008 (Wyo. 2007). The denial of a motion for disqualification of a judge for cause is reviewed under the abuse of discretion standard. *Pote v. State,* 695 P.2d 617, 632 (Wyo.1985). An abuse of discretion occurs when the deciding court could not have reasonably concluded as it did. *Young v. State,* 2005 WY 136, ¶ 9, 121 P.3d 145, 147 (Wyo.2005).

## DISCUSSION

[¶ 13] Mr. Royball contends the circuit court abused its discretion by considering, along with the documents he submitted, the transcript of the hearing the district court held after he filed his motion for change of judge. Neither Mr. Royball nor the State submitted that transcript to the circuit court. Mr. Royball contends the circuit court's "self-directed, investigatory expedition through the courthouse to locate transcripts" not submitted by the parties was improper. The State asserts that the circuit court properly considered all of the facts in determining the motion, including the hearing transcripts.

[¶ 14] Mr. Royball cites no authority for the assertion that in deciding his motion the circuit court was precluded from considering other parts of the district court record not submitted by the parties. Although Rule 21.1(b) provides that a motion to disqualify a judge for cause shall be supported by affidavits, the rule does not prohibit the judge assigned to decide the motion from considering the district court record. A judge assigned to decide a motion for change of judge must determine whether a reasonable person "with knowledge of all the facts" would be convinced that the judge is person-

---

2. W.R.Cr.P. 11(a)(2) allows a defendant to enter a conditional guilty plea while reserving his right to appeal an adverse determination of a specified pretrial motion. In *Bouch v. State,* 2006 WY 122, ¶ 29, 143 P.3d 643, 652 (Wyo.2006), we held the conditional plea procedure is appropriate only when determination of the issue on appeal will resolve the case. *Bouch* was an appeal from an order denying a motion to suppress evidence without which the State still would have pursued the charges. Under those circumstances, where a trial would have occurred even if this Court had reversed the denial of the suppression motion, we said that use of the conditional plea was not appropriate. This limitation on the use of

conditional pleas was intended to prevent conditional pleas from being used for purposes of delaying a trial that is inevitable regardless of the ruling on appeal. *Id.,* ¶ 28, 143 P.3d at 652, quoting Fed.R.Cr.P. 11, Notes of Advisory Committee on Rules, 1983 Amendment. Arguably, the reason for the limitation does not apply here where the only further proceeding resulting from reversal would be a new sentencing by a different judge. In any event, because the district court allowed Mr. Royball to enter a conditional plea reserving his right to appeal the denial of his motion, we proceed with our review. *Johnson v. City of Laramie,* 2008 WY 73, ¶ 5, 187 P.3d 355, 356–57 (Wyo.2008).

ally biased or prejudiced against the party or his attorney. The circuit court judge did not abuse his discretion in considering the hearing transcript.

[¶ 15] Mr. Royball also contends that the record the parties presented to the circuit court clearly supported his motion. He cites *Cline v. Sawyer*, 600 P.2d 725, 728–29 (Wyo. 1979) in which this Court stated:

> Prejudice involves a prejudgment or forming of an opinion without sufficient knowledge or examination. Bias is a leaning of the mind or an inclination toward one person over another. The "bias" which is a ground for disqualification of a judge must be personal, and it must be such a condition of the mind which sways judgment and renders the judge unable to exercise his functions impartially in a given case or which is inconsistent with a state of mind fully open to the conviction which evidence might produce.

He asserts that the district court judge's comments demonstrated that he had prejudged Mr. Royball's conduct and formed the opinion that he "raped" the victim and should be sentenced accordingly. He contends the judge made this prejudgment on the basis of allegations contained in the probable cause affidavit filed in support of the original charges which the prosecutor in his discretion had agreed to dismiss and amend. He contends that the judge in essence improperly inserted himself into the prosecutor's role, thereby demonstrating that he was unable to exercise his function impartially. The State asserts that the record did not support the motion and the circuit court correctly concluded the district court judge's comments did not reflect any personal bias or prejudice toward Mr. Royball.

[¶ 16] Our review of the record leads us to conclude that the circuit court reasonably could have concluded that Mr. Royball did not meet his burden of proving that the district court judge was personally biased or prejudiced toward him or his attorney. The district court judge's comment that, in light of the allegations contained in the probable cause affidavit, he did not understand how the original charges could be reduced from first to third degree sexual assault, could not be considered in isolation but had to be read in the context of all of his comments during these proceedings.

[¶ 17] In addition to the comment relied upon by Mr. Royball, the district court judge made the following statements at the initial change of plea hearing:

> I don't have any choice about what the state does with the charging decision. We are a long way from sentencing. I don't have any idea what [Mr. Royball's] criminal history is; I don't have any idea what comments the victim or her family might make . . . .

And,

> I can tell you that I will not sentence you for anything that you don't admit to[,] that you haven't been proven to have done.

[¶ 18] The following day, the district court judge stated:

> . . . I acknowledge that it is not my role to second guess the DA's office as to what they do with regard to whether they amend a complaint.
>
> . . . .
>
> It is not my function, not my responsibility to interfere with the discussions between the DA's office and the victim.

[¶ 19] Given these statements, the circuit court reasonably could have concluded the district court judge was not swayed and that he was able to exercise his functions impartially. From these statements, the circuit court reasonably could have concluded that the district court judge understood his function and would exercise it with an open mind. It could be reasonably concluded from the judge's statements that he understood his duty was to sentence Mr. Royball only for the offenses he admitted to having committed and to which he pled guilty and on the basis of all of the factors presented at the time of sentencing. We find no abuse of discretion.

[¶ 20] Affirmed.