# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 105

### OCTOBER TERM, A.D. 2023

October 31, 2023

ROBERT COOK BUNTEN III,

Appellant
(Defendant),

v.

S-23-0067

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Catherine R. Rogers, Judge

*Representing Appellant:*
>    *Pro se.*

*Representing Appellee:*
>    Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    After he was convicted and sentenced for aggravated assault and battery, Robert Cook Bunten III filed a motion in the criminal case for the return of property seized by law enforcement during the criminal investigation.  The district court denied Mr. Bunten's motion on the grounds it lacked jurisdiction to consider his motion in the criminal case and there was no legal authority for it to order return of the property.

[¶2]    We reverse and remand for the district court to address Mr. Bunten's motion in accordance with Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 41(g).

## ISSUE

[¶3]    Did the district court err by concluding it lacked jurisdiction over Mr. Bunten's motion for return of property in the criminal case and the legal authority to order return of the property?

## FACTS

[¶4]    Mr. Bunten pleaded guilty to aggravated assault and battery for severely beating his father.  In return for his guilty plea, the State agreed to dismiss a related burglary charge which alleged Mr. Bunten stole money from his father on the same day as the beating.  An affidavit of probable cause accompanying the criminal information stated that, when law enforcement initially contacted Mr. Bunten, he was in possession of $699 and wearing bloody shoes.  There is no documentation in the record of law enforcement's seizure of the money or the shoes.

[¶5]    Several months after the district court entered judgment and sentenced him for aggravated assault and battery, Mr. Bunten filed a motion in the criminal case for the return of tennis shoes and $699 in cash he claimed had been seized by law enforcement.  The form he used for his motion included a request for suppression of the items as evidence in his case, which was not relevant given he had already pleaded guilty and been sentenced. Without obtaining a response from the State or holding a hearing, the district court denied the motion.  It determined Mr. Bunten was seeking "post-conviction relief" which is a "strictly confined statutory remedy" and Mr. Bunten did not cite any law giving the "court authority to grant his request."  The court also ruled it did not have jurisdiction over his motion in the criminal case because a post-conviction motion for return of property is a civil matter.  Mr. Bunten filed a timely notice of appeal.

## DISCUSSION

1

[¶6]   We typically review the district court's decision on a motion for return of seized property for abuse of discretion. *DeLoge v. State,* 2007 WY 71, ¶ 22, 156 P.3d 1004, 1011 (Wyo. 2007) (*DeLoge III*) (citing *United States v. Chambers,* 192 F.3d 374, 376 (3rd Cir. 1999)) (other citations omitted).  However, in this case, the district court concluded it did not have jurisdiction to decide Mr. Bunten's motion for return of seized property in the criminal case or the legal authority to order the return of the property.  The related issues of jurisdiction and the court's authority to act are legal questions, which we review de novo. *Delgado v. State,* 2022 WY 61, ¶ 13, 509 P.3d 913, 919 (Wyo. 2022) ("The district court's conclusions of law . . . are reviewed *de novo.*") (some quotation marks and citations omitted); *Poignee v. State,* 2016 WY 42, ¶ 8, 369 P.3d 516, 518 (Wyo. 2016) ("Jurisdiction is a question of law we review de novo.").  *See also, DeLoge v. State,* 2010 WY 60, ¶ 15, 231 P.3d 862, 865 (Wyo. 2010) (*DeLoge IV*) (although we normally review the denial of a motion for return of property for abuse of discretion, our review was *de novo* "because the district court concluded it did not have the legal authority" to order officials in another state to return the claimant's property).

[¶7]   The district court's conclusions about its jurisdiction and authority to act on Mr. Bunten's motion for return of seized property were contrary to our case law, Wyoming statutes, and the Wyoming Rules of Criminal Procedure.  Wyoming's "general rule requires the return of seized property, other than contraband, to the rightful owner after the termination of criminal proceedings unless the government has a continuing interest in the property." *DeLoge III,* ¶ 22, 156 P.3d at 1011 (citing *Sovereign News Co. v. United States,* 690 F.2d 569, 577 (6th Cir. 1982)).  Wyo. Stat. Ann. § 7-2-105 (LexisNexis 2023) and W.R.Cr.P. 41(g) (formerly W.R.Cr.P. 41(e)) "make it plain that [a person] may seek to have his property [held by law enforcement] restored to him, absent some justification provided by the State for its continued retention of that property." *DeLoge v. State,* 2005 WY 152, ¶¶ 8-10, 123 P.3d 573, 575-77 (Wyo. 2005) (*DeLoge II*) (citing *City of West Covina v. Perkins,* 525 U.S. 234, 119 S.Ct. 678, 142 L.Ed.2d 636 (1999)).

[¶8]   Section 7-2-105 governs law enforcement's seizure and retention of personal property.  Section 7-2-105(a) requires law enforcement to keep a record of the personal property it has in its custody, including the circumstances of its seizure and the names and addresses of persons with interests in the property.  Under § 7-2-105(b), law enforcement must maintain custody of the property "pending an order of disposal by the court pursuant to this section unless the property is otherwise released according to this section."  Section 7-2-105(c) requires law enforcement to deliver property to the lawful owner "without judicial action unless the property constitutes evidence of a crime, the possession of the property would be unlawful or ownership and interest are in dispute."  When questions arise about the proper disposition of property in its possession, law enforcement may file a petition for an order to show cause.  *See* § 7-2-105(c)-(p).  *See also, Dobson v. Stahla,* 2003 WY 6N, ¶¶ 3-4, 63 P.3d 209, 210 (Wyo. 2003) (per curiam) (sheriff, who possessed a firearm belonging to a convicted felon, filed a petition for order to show cause against the felon seeking an order allowing the sheriff to dispose of the firearm).

2

[¶9]    If law enforcement does not return seized property, a person entitled to its "lawful possession" may file a motion with the criminal court, under W.R.Cr.P. 41(g), for its return:

> (g) *Motion for return of property*. — A person aggrieved . . . by the deprivation of property may move **the court in which charges are pending** . . . or if charges have not been filed the court from which the warrant issued for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. . . .

(Emphasis added).  W.R.Cr.P. Form 11 provides a model of a proper motion for return of seized property under Rule 41(g).  *See also, DeLoge II,* ¶ 8, 123 P.3d at 575-76 (quoting Rule 41(e) (now Rule 41(g)) and Form 11).  That form clearly is to be filed in the relevant criminal case.

[¶10]   The district court erred when it ruled it did not have jurisdiction to consider a motion for return of seized property in the criminal case.  Rule 41(g) specifically allows a "person aggrieved . . . by the deprivation of property" to file a motion for return of property with the court presiding over criminal proceedings related to the property.  Even though the rule expressly applies when criminal charges are pending or have not been filed, we have, consistent with federal courts' interpretation of the correlative federal rule, interpreted Rule 41(g) as allowing post-conviction requests for return of property in the criminal case. *DeLoge II,* ¶¶ 4-6, 8-10, 123 P.3d at 574-77; *DeLoge III,* ¶¶ 19-22, 156 P.3d at 1009-11. *See also, United States v. Albinson,* 356 F.3d 278, 280 (3rd Cir. 2004) (considering a post-conviction Fed.R.Crim.P. 41(g) motion in the criminal case for return of seized property); *United States v. Ramirez,* 260 F.3d 1310, 1313-14 (11th Cir. 2001) (same).  In *Chambers,* 192 F.3d at 376, the Third Circuit recognized the federal district court presiding over the relevant criminal case had jurisdiction under former Fed.R.Crim.P. 41(e) (currently Fed.R.Crim.P. 41(g)) "to entertain a motion for return of property made after the termination of criminal proceedings against the defendant . . . ." *Id.* (citing *United States v. Martinson,* 809 F.2d 1364 (9th Cir. 1987), *Rufu v. United States,* 20 F.3d 63 (2d Cir. 1994), and *Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir. 1995)).

[¶11]   Although a W.R.Cr.P. 41(g) motion is filed in the criminal case and the district court has jurisdiction to consider the matter in that case, the district court was correct when it said "[p]ost-conviction motions for the return of seized property are considered civil proceedings." *DeLoge III,* ¶ 19, 156 P.3d at 1009 (citing *Ramirez,* 260 F.3d at 1314).  The Third Circuit explained that motions for return of property under the federal version of

W.R.Cr.P. 41(g) filed after the conclusion of the criminal case are "treated as . . . civil proceeding[s] for equitable relief." *Chambers,* 192 F.3d at 376. *See also, DeLoge III,* ¶ 19 n.5, 156 P.3d at 1009 n.5 (collecting cases stating that post-conviction motions under Fed.R.Crim.P. 41(e) (currently Fed.R.Crim.P. 41(g)) were regarded as civil equitable proceedings). When the motion is filed after the criminal proceedings have concluded, the State has "the burden of proof to show that it has a legitimate reason to retain the property." *DeLoge III,* ¶ 22, 156 P.3d at 1011. *See also, United States v. Clymore,* 245 F.3d 1195, 1201 (10th Cir. 2001) (per curiam) (when the criminal proceedings terminate, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property") (quotation marks and citation omitted); *Albinson,* 356 F.3d at 280 ("At the conclusion of a criminal proceeding, the evidentiary burden for a Rule 41(g) motion shifts to the government to demonstrate it has a legitimate reason to retain the seized property.") (quotation marks and citation omitted). "'The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return.'" *DeLoge III,* ¶ 22, 156 P.3d at 1011 (quoting *Albinson,* 356 F.3d at 280).

[¶12]  Mr. Bunten properly filed a motion for return of his property in his criminal case after the proceedings had concluded. His motion followed Form 11, which is based on Rule 41(g). Instead of perfunctorily denying Mr. Bunten's motion, the district court should have recognized it had jurisdiction to address Mr. Bunten's motion in the criminal case and "receiv[ed] evidence on any issue of fact necessary" to determine whether he was "entitled to lawful possession of the property" as provided by Rule 41(g). The district court erred by concluding it had no jurisdiction or legal authority to consider Mr. Bunten's motion and failing to follow Rule 41(g) procedures. It abused its discretion by denying Mr. Bunten's motion without considering evidence on whether he was entitled to return of his property.[1]

## CONCLUSION

[¶13]  The district court erred by declaring it did not have jurisdiction to consider Mr. Bunten's motion for return of his property in the criminal case or the legal authority to order return of the property. The motion was authorized by Rule 41(g), and the district court should have received evidence to determine whether Mr. Bunten was entitled to return of the property.

---

[1] The State asks us to rule the district court is not required, on remand, to hold a hearing on Mr. Bunten's motion so long as it "receive[s] evidence on any issue of fact necessary to the decision" in accordance with Rule 41(g). Because the district court did not believe it had jurisdiction or the legal authority to consider Mr. Bunten's motion, it did not address the procedure for determining the evidentiary issues. It is not proper for us to comment on the district court's future choice of procedure when it has yet to consider the specific circumstances in this case. *See generally, Bd. of Cnty. Comm'rs of Teton Cnty. v. Crow,* 2003 WY 40, ¶ 48, 65 P.3d 720, 735-36 (Wyo. 2003) (in a case remanded to the district court for further proceedings, this Court refused to consider issues not yet decided by the district court); *J Bar H, Inc. v. Johnson,* 822 P.2d 849, 858 (Wyo. 1991) (same).

[¶14]  Reversed and remanded for proceedings consistent with this opinion.