# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 55

APRIL TERM, A.D. 2024

May 23, 2024

RUSSELL PATRICK BENEDICT,

Appellant
(Defendant),

v.

S-23-0226

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby*

*Representing Appellant:*
> Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
> Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General. Argument by Ms. Jones.

*Before FOX, C.J., and KAUTZ\*, BOOMGAARDEN, GRAY, and FENN, JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]   Russell Patrick Benedict appeals the district court's order denying his motion for return of a cellphone seized as evidence in the criminal case against him. We affirm.

## *ISSUES*

[¶2]   Mr. Benedict presents two issues on appeal, which we restate as:

> 1.   Did the district court violate Mr. Benedict's right to due process by failing to apply the rules of evidence during the evidentiary hearing on his motion for the return of his property?
>
> 2.   Did the district court abuse its discretion in denying Mr. Benedict's motion for the return of his property?

## *FACTS*

[¶3]   In 2018, the Albany County Sheriff's Office received a report that Mr. Benedict was sexually abusing his sixteen-year-old daughter, AB. During the investigation of that report, a deputy sheriff seized Mr. Benedict's cellphone and obtained a warrant to search its contents. The district court ordered Mr. Benedict to provide the passcode for his phone to enable the search, but he claimed he could not comply because he did not remember the passcode. The phone's contents were therefore never searched.

[¶4]   Ultimately, Mr. Benedict pled no contest to one count of second-degree sexual abuse of AB, and in December 2018, the district court entered judgment and sentenced him to a prison term of eighteen to twenty years for that crime. In 2022, Mr. Benedict filed a motion for the return of two cellphones, his and AB's. The State responded that AB's phone had already been returned to her. It objected to the return of Mr. Benedict's phone on the ground that the State suspected it contained nude photos of AB and its return would result in Mr. Benedict possessing child pornography. The district court denied Mr. Benedict's motion without taking evidence on it, and he appealed.

[¶5]   On appeal, the State filed a motion with this Court conceding that the district court should have received evidence before ruling on Mr. Benedict's motion. It asked that we reverse the ruling and remand for the district court to receive evidence. We granted the State's motion and ordered that the matter be "remanded to the district court for that court to hold an evidentiary hearing" on Mr. Benedict's motion.

1

[¶6]    The district court held the evidentiary hearing, and at its outset, the following exchange took place:

> THE COURT:    The Court finds that the Defendant is alert and competent and ready to proceed.
>
> Any preliminary matters before we get started from the State.
>
> [PROSECUTOR]:  Your Honor, the State is going to waive opening. However, just for clarity of the record, the State does believe that the rules of evidence don't apply to this hearing.
>
> It's not an adjudicatory hearing and this is something that can be a factual determination that, can be determined without a jury. So that's the only preliminary matter the State has, Your Honor.
>
> THE COURT:    Okay.
>
> Anything preliminary, [Defense Counsel], or any response to the State's preliminary thoughts?
>
> [DEFENSE COUNSEL]:  No, Your Honor I think the State's assessment is correct.
>
> THE COURT:    Okay.

[¶7]    The State argued against the return of Mr. Benedict's cellphone based on its earlier assertion that it likely contained child pornography and returning it would thus constitute dissemination of child pornography. It added that the State had an interest in protecting AB from the trauma of Mr. Benedict possessing nude images of her. In support of its objections, the State called one witness, Detective Jeffrey McKinney of the Albany County Sheriff's Office.

[¶8]    Detective McKinney had little involvement in the investigation of the charges that led to Mr. Benedict's conviction, but he looked into the status of the cellphones that had been seized after Mr. Benedict filed his motion for their return. He could not open Mr. Benedict's phone because he did not have the passcode, and he therefore could not testify to personal knowledge of its contents. He instead testified that he spoke to the lead investigator on the Benedict investigation, Detective William Meyer, who had since left the Sheriff's Office. He then testified, without objection, to what Detective Meyer told him concerning text messages between AB and Mr. Benedict:

2

Q. Besides just text messages that were exchanged between AB and Mr. Benedict, is there any other reason that you believe that there's possibly child pornography on the cell phone?

A. Yes.

I mean, I actually spoke to Detective Meyer about this when I started getting e-mails and he said during his investigation, he could see the messages sent from the victim's phone to the Defendant and those messages did meet the statutory definition of child pornography.

So we know they were sent to the phone, to the Defendant's phone.

Q. And just for clarity Detective Meyer told you he saw those photographs on AB's phone?

A. Correct.

Q. And it showed her sending them to Mr. Benedict's phone?

A. Yes.

Q. Without too many details, I mean, you said it meets the definition of child pornography. I guess, what was the state of AB in the photographs?

A. She was nude.

[¶9] Detective McKinney also testified that he discussed the situation with agents who work in the area of internet crimes against children. Concerning that conversation, he testified, again without objection:

Q. Now, when this return of property motion came up, did you also speak with agents with the internet crimes against children –

A. -- I did –

3

Q. -- division?

A. Yes.

Q. What did you learn from them?

A. Well, I asked them if there was a way to factory reset the phone without having the pass code. And I asked what the likelihood was that there would still be child pornography on the phone and kind of gave him the circumstances about the [v]ictim sending those text messages.

He said without the – and this is my experience as well is without the pass code, there's really no way for us to factory reset the phone.

And it's very likely that there would still be child pornography on the phone.

[¶10] The district court found the State had an interest in preventing the dissemination of child pornography and in preventing further trauma to AB and had met its burden of showing Mr. Benedict's cellphone likely contained pornographic images of AB. The court concluded the State therefore had an interest in retaining Mr. Benedict's phone, and it denied Mr. Benedict's motion for its return. Mr. Benedict timely appealed.

## *DISCUSSION*

I. *Although Mr. Benedict did not waive his due process claim, he failed to show a plain error violation of his right to due process.*

[¶11] Mr. Benedict claims the district court violated his right to due process by allowing the State to suspend application of the rules of evidence, which he contends led to the prejudicial admission of Detective McKinney's improper hearsay testimony. The State argues Mr. Benedict waived his right to appeal the admission of the hearsay testimony when, at the outset of the hearing, his counsel agreed the rules of evidence did not apply.

[¶12] "While the question of waiver is often one of fact, when the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law which we consider de novo." *Barney v. State*, 2022 WY 49, ¶ 21, 507 P.3d 459, 463 (Wyo. 2022) (italics removed) (quoting *Rodriguez v. State*, 2019 WY 25, ¶ 16, 435 P.3d 399, 403 (Wyo. 2019)). Because the record is clear in this case, and the facts relating to waiver are not disputed, we address the question of waiver as one of law.

4

[¶13]  We have distinguished between a waiver of a right or objection and the forfeiture of a right or objection.

> We reject attempts by a defendant to turn a trial strategy into an appellate error. The doctrine of invited error prohibits a party from raising on appeal alleged trial court errors that were induced by that party's actions. When a party affirmatively waives a right or objection, we do not review it; however, when a party merely forfeits a right or objection, we review for plain error. Waiver is the intentional relinquishment or abandonment of a known right, while forfeiture is the failure to make a timely assertion of a right. Waiver requires something more affirmative than simple agreement.

*Berry v. State*, 2023 WY 75, ¶ 28, 533 P.3d 474, 482-83 (Wyo. 2023) (quoting *Tarpey v. State*, 2023 WY 14, ¶ 50, 523 P.3d 916, 931 (Wyo. 2023)).

[¶14]  We applied this distinction in *King v. State*, 2023 WY 36, ¶ 29, 527 P.3d 1229, 1241 (Wyo. 2023). In that case, the prosecutor referenced dismissed charges during closing argument and the district court admonished him and cautioned him not to do it again during rebuttal. *Id*. Defense counsel responded that he had no objection to the prosecutor's comments and that the dismissed charges were "fair game for both parties." *Id*. He then referenced the dismissed charges in his closing argument to highlight discrepancies in the dates of the charges against the defendant. *Id*. Under those circumstances, we concluded defense counsel made a strategic decision to withhold objection, and the appellant had waived his right to challenge the prosecutor's comments on appeal. *Id*; *see also Baker v. Baker*, 2023 WY 121, ¶ 18, 539 P.3d 412, 416 (Wyo. 2023) (finding waiver where appellant affirmatively requested that reassigned judge proceed on transcript of prior evidentiary hearing); *Berry*, 2023 WY 75, ¶ 29, 533 P.3d at 483 (finding waiver where defense counsel affirmatively endorsed proposed procedure and represented to court that it would not prejudice defendant); *Tarpey*, 2023 WY 14, ¶¶ 51-52, 523 P.3d at 931 (finding waiver where defense counsel made strategic choice not to object to admission of recorded statement and asked that it be played in its entirety).

[¶15]  On the other hand, where defense counsel has done no more than agree to a prosecutor's proposal, we have declined to find a waiver. For example, in *Vaught v. State*, a jury sought clarification of instructions during its deliberations. 2016 WY 7, ¶ 32, 366 P.3d 512, 520 (Wyo. 2016). When the district court asked the parties for their views, the prosecutor responded, "they've been instructed and I think that they need to read the packet and be encouraged to read the package." *Id*. Defense counsel replied, "I agree, Your Honor. Read the instructions and then instructions have been provided and

whatever standard language the court uses for this kind of inquiry.'" *Id*. On appeal, the defendant argued the district court's instruction to that effect was inadequate, and we found no waiver of that claim. We explained:

> The facts of this case illustrate the sometimes fine line between positive acts and omissions. Vaught's counsel did in fact endorse a plan of action which the district court ultimately implemented. However, that endorsement took the form of a simple agreement with the prosecutor's view. It was not an act of such independent intent that we can view it as a complete waiver of the error now alleged on appeal. Consequently, we will apply the plain error standard to that allegation.

*Id.*, 2016 WY 7, ¶ 35, 366 P.3d at 520; *see also Mraz v. State*, 2016 WY 85, ¶ 64, 378 P.3d 280, 294 (Wyo. 2016) (reaching same conclusion on similar facts).

[¶16]  Mr. Benedict's case is more like *Vaught* and *Mraz*. Defense counsel did no more than agree to the State's position that the rules of evidence did not apply. Nothing in the record suggests a strategic advantage to that agreement, and it instead reflects a mistaken forfeiture of Mr. Benedict's right to have the rules of evidence apply.[1]

[¶17]  Having found no waiver, our next step would be to review for plain error. *Berry*, 2023 WY 75, ¶ 28, 533 P.3d at 483; W.R.E. 103(d); *Jewkes v. State*, 2022 WY 90, ¶ 7, 513 P.3d 154, 158 (Wyo. 2022) (review limited to search for plain error even when appellant claims constitutional infringement). However, Mr. Benedict has not offered a plain error analysis. He has instead made only a passing and conclusory argument that if this Court were to review for plain error, the violations in this case would easily qualify. He did not cite to or offer any analysis of the hearsay rules or apply our plain error precedent to his due process argument. We will not conduct a plain error review. *See Baker*, 2023 WY 121, ¶ 17 n. 3, 539 P.3d at 416 n. 3 (declining plain error review where appellant offered "no cogent argument and cite[d] to no authority that would assist the Court in a plain error analysis."); *Rodriguez*, 2019 WY 25, ¶ 38 n. 7, 435 P.3d at 411 n. 7

---

[1] The State contends that an evidentiary hearing is not required in every Rule 41(g) proceeding and the rules of evidence therefore do not apply. Because the district court held an evidentiary hearing in this case, the question of whether there may be circumstances when such a hearing will not be required is not before this Court. *See Bunten v. State*, 2023 WY 105, ¶ 12 n. 1, 537 P.3d 763, 766 n. 1 (Wyo. 2023) (declining to address procedure to be used on Rule 41(g) remand where district court had not yet considered the question). However, when a court does hold an evidentiary hearing on a Rule 41(g) motion, the rules of evidence do apply. W.R.E. 1101(a) specifies that "[e]xcept as otherwise provided in subdivision (b), these rules apply to all actions and proceedings in the courts of this state." Subdivision (b) contains no exception for evidentiary hearings on Rule 41(g) motions.

(Wyo. 2019) (declining to review for plain error where appellant provided no plain error analysis).[2]

## II.    The district court did not abuse its discretion in concluding the State had met its burden of proving an interest in retaining Mr. Benedict's cellphone.

[¶18]  "Wyoming's 'general rule requires the return of seized property, other than contraband, to the rightful owner after the termination of criminal proceedings unless the government has a continuing interest in the property.'" *Bunten v. State*, 2023 WY 105, ¶ 7, 537 P.3d 763, 766 (Wyo. 2023) (quoting *DeLoge v. State*, 2007 WY 71, ¶ 22, 156 P.3d 1004, 1011 (Wyo. 2007) (*DeLoge III*)). If law enforcement does not return seized property, a person entitled to it may file a motion for its return under W.R.Cr.P. 41(g). *Bunten*, 2023 WY 105, ¶ 9, 537 P.3d at 765. We have observed that W.R.Cr.P. 41(g) and the statute governing seized property "make it plain that a person may seek to have his property held by law enforcement restored to him, absent some justification provided by the State for its continued retention of that property." *Id*., 2023 WY 105, ¶ 7, 537 P.3d at 765 (cleaned up) (quoting *DeLoge v. State*, 2005 WY 152, ¶¶ 8-10, 123 P.3d 573, 575-77 (Wyo. 2005) (*DeLoge II*)); *see also* Wyo. Stat. Ann. § 7-2-105 (2023).

[¶19]  A W.R.Cr.P. 41(g) motion is filed in the criminal case underlying the property's seizure, but it is a civil proceeding. *Bunten*, 2023 WY 105, ¶ 11, 537 P.3d at 766 (quoting *DeLoge III*, 2007 WY 71, ¶ 19, 156 P.3d at 1009). "When the motion is filed after the criminal proceedings have concluded, the State has 'the burden of proof to show that it has a legitimate reason to retain the property.'" *Id*. (quoting *DeLoge III*, 2007 WY 71, ¶ 22, 156 P.3d at 1011). "The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return." *Id*. However, because a Rule 41(g) proceeding is civil, the burden the State must meet is a showing by a preponderance of the evidence. *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990) (standard of proof in a proceeding for return of seized property is preponderance of the evidence); *see also Davis v. State*, 2018 WY 40, ¶ 47, 415 P.3d 666, 682 (Wyo. 2018) (preponderance of the evidence standard applies in civil matters). "A 'preponderance of the evidence' is defined as 'proof which leads the trier of fact to find

---

[2] We also note that the district court did not rule that the rules of evidence were inapplicable. During the hearing, the court made no comment on the parties' agreement that the rules did not apply, and in its written order, it observed only that "[a]t the hearing, the State asserted that the Wyoming Rules of Evidence are not strictly adhered to in evidentiary hearings and the defense agreed and did not object." Mr. Benedict has directed this Court to no authority that the district court was required to intervene to prevent the parties' agreement, and certainly has cited no clear and unequivocal rule of law that due process considerations demanded the court do so. *Soares v. State*, 2024 WY 39, ¶ 18, 545 P.3d 871, 876 (Wyo. 2024) (plain error requires that appellant show "a violation of a clear and unequivocal rule of law").

that the existence of the contested fact is more probable than its non-existence." *Int. of MA*, 2022 WY 29, ¶ 26, 505 P.3d 179, 185 (Wyo. 2022) (quoting *J.J.F. v. State*, 2006 WY 41, ¶ 9, 132 P.3d 170, 174 (Wyo. 2006)).

[¶20]  We review a district court's ruling on a motion for return of seized property for an abuse of discretion. *Bunten*, 2023 WY 105, ¶ 6, 537 P.3d at 764 (citing *DeLoge III*, 2007 WY 71, ¶ 22, 156 P.3d at 1011). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Winney v. Jerrup*, 2023 WY 113, ¶ 14, 539 P.3d 77, 82 (Wyo. 2023) (quoting *Evans v. Sharpe*, 2023 WY 55, ¶ 25, 530 P.3d 298, 307 (Wyo. 2023)).

> A district court does not abuse its discretion if it could reasonably conclude as it did. To determine whether the district court's decision was reasonable, we consider the evidence in the light most favorable to the district court's decision, affording every favorable inference to the prevailing party and omitting from our consideration the conflicting evidence. This Court may not reweigh the evidence.

*Winney*, 2023 WY 113, ¶ 14, 539 P.3d at 82-83 (quoting *Evans*, 2023 WY 55, ¶ 26, 530 P.3d at 307).

[¶21] Although Detective McKinney's testimony concerning the contents of Mr. Benedict's cellphone was hearsay, we have held that evidence admitted without a limiting instruction may be used for any legitimate purpose, including as substantive evidence. *Hilyard v. State*, 2023 WY 13, ¶ 35, 523 P.3d 936, 944 (Wyo. 2023); *Barrett v. State*, 2022 WY 64, ¶ 43, 509 P.3d 940, 949 (Wyo. 2022). Thus, through Detective McKinney's testimony, the district court had before it evidence that Detective Meyer viewed the nude images of AB that she texted to Mr. Benedict's cellphone, and his assessment, as a law enforcement officer and the lead detective on the case, that those images constituted child pornography. The court also had before it evidence that Detective McKinney spoke to an agent experienced in internet crimes against children and that agent's assessment that if the images were sent, they were likely still on the phone.

[¶22]  Although Detective McKinney's testimony was conclusory as to the nature of the images AB texted to Mr. Benedict, and the likelihood they remained on his cellphone, we cannot say that it was arbitrary, capricious, or beyond the bounds of reason for the district court to rely on that testimony, introduced without objection, to conclude the State had met its burden of showing its interest in retaining Mr. Benedict's phone. Accepting the

evidence as true, and giving it all favorable inferences, the State proved that return of the phone to Mr. Benedict would more likely than not result in providing him with child pornography and would more likely than not be contrary to the State's interest in protecting AB from further trauma.

[¶23]   Affirmed.