# THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 125

OCTOBER TERM, A.D. 2025

November 21, 2025

SCOTT DEAROLD BRESSETTE,

Appellant
(Defendant),

v.

S-25-0109

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*

Office of the State Public Defender: Brandon T. Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Sean H. Barrett, Senior Assistant Appellate Counsel. Argument by Mr. Barrett.

*Representing Appellee:*

Keith G. Kautz, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Sierra A. Burleigh, Student Intern. Argument by Ms. Burleigh.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ, and KASTE, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**KASTE, District Judge.**

[¶1]    Scott Bressette appeals the district court's order denying his motion for release and return of a truck that law enforcement had seized, searched, and released to a towing company for storage.  Because the district court did not have jurisdiction under W.R.Cr.P. 41(g) to order law enforcement to return property that it no longer possessed or to award money damages, we affirm.

## ISSUE

[¶2]    Mr. Bressette presents one issue on appeal, which we restate as: Did the district court abuse its discretion in denying Mr. Bressette's motion to return his property or alternatively to award him damages in the amount of the property's fair value?

## FACTS

[¶3]    On September 9, 2021, Special Agent Gallegos with the Albany County Sheriff's Office interviewed a confidential source who reported he had broken into a black Ford pickup truck and stolen 15 grams of methamphetamine from the center console.  The source said the truck belonged to Mr. Bressette and there was still approximately 65 grams of methamphetamine left in the truck.

[¶4]    Agents with the Sheriff's Office located the truck in the parking lot of an apartment building in Laramie.  At that time, Mr. Bressette had an active warrant for his arrest.  The agents surveilled the location and observed Mr. Bressette walk out of an apartment to the back of the truck and then return to the apartment.  The agents then contacted Mr. Bressette, and while he initially ran, he was soon placed under arrest.  When the agents searched Mr. Bressette, they found methamphetamine and heroin on his person.

[¶5]    Turning their attention back to the truck, the agents called for a K9 unit who gave a positive alert on the truck.  Special Agent Gallegos called A1 Towing and had the truck towed to the evidence bay at the Albany County Search and Rescue building.  The next day he sought and obtained a warrant to search the truck.  During the search, Special Agent Gallegos seized substances he suspected to be methamphetamine and marijuana.  Another agent completed a vehicle inventory form that noted the truck had been towed by A1 Towing.

[¶6]    According to Special Agent Gallegos, after the truck was searched it was released back to Mr. Bressette "in a way" by turning it over to the "tow company who would then place it in their lot pending the owner paying the tow bill and storage fees."  When asked if Mr. Bressette had been notified A1 Towing had the vehicle, Special Agent Gallegos explained that typically that information is provided on paperwork completed by the arresting officer when the defendant is booked into the detention facility.  Mr. Bressette

1

was arrested and presumably booked into the detention center on September 9, 2021, the day before the truck was searched and released to A1 Towing. Special Agent Gallegos could not recall if the paperwork had been provided to Mr. Bressette during booking.

[¶7] The same day the search was conducted, the State charged Mr. Bressette with six counts of possession and possession with intent to deliver for the suspected drugs on his person, in his truck, and one count of interference with a peace officer. The substances seized from the truck were tested and turned out to be neither methamphetamine nor marijuana. On January 28, 2022, the State filed an amended information that dropped the charges related to the substances seized from the truck. Mr. Bressette ultimately pleaded guilty to one count of possession of a controlled substance on March 3, 2022. He was sentenced that same day to a term of three-to-five years which was split, and all but 180 days were suspended, followed by two years of supervised probation. By that time, he had already served 175 days in the detention center.

[¶8] Mr. Bressette first learned the truck was at A1 Towing when he went through the documents the State had produced in discovery with his attorney in February of 2022. After Mr. Bressette finished serving the split portion of his sentence in March 2022, he contacted A1 towing about the truck. A1 Towing informed him that he owed $14,000.00 in towing and storage fees, which he could not afford to pay. Although the record does not reveal when, the truck was auctioned and sold by A1 Towing. According to Mr. Bressette, no one ever advised him the truck might be sold to pay the towing and storage fees.

[¶9] On July 11, 2024, Mr. Bressette filed a pro se motion for release and return of seized property. In the alternative, he asked to be compensated for the value of the truck and the personal property that was located in the truck at the time it was towed. Mr. Bressette estimated that the truck was worth $15,000.00 and the personal property was worth $5,000.00.

[¶10] The State responded that it did not have the vehicle in its possession. Instead, the State explained, "This vehicle was towed to the A1 tow lot in Laramie and was not seized for forfeiture by DCI." Accordingly, the State asserted it could not be ordered to release the truck because the district court lacked subject matter jurisdiction.

[¶11] After the motion was set for hearing, Mr. Bressette asked the district court to appoint counsel to represent him. The district court granted his request and held a hearing on February 18, 2025.

[¶12] After the hearing, the district court denied Mr. Bressette's motion concluding that the court could not "order the return of the vehicle because the vehicle was not seized by the State after the search." Moreover, the district court concluded that it did not have the authority to award Mr. Bressette money damages under W.R.Cr.P. 41(g), which only "allows for the return of the property." This timely appeal followed.

## STANDARD OF REVIEW

[¶13]   "We review a district court's ruling on a motion for return of seized property for an abuse of discretion." *Benedict v. State*, 2024 WY 55, ¶ 20, 548 P.3d 989, 995 (Wyo. 2024). Where the district court concludes that it does not have the authority to order the return of the property, we review that legal conclusion de novo. *Bunten v. State*, 2023 WY 105, ¶ 6, 537 P.3d 763, 764 (Wyo. 2023).

## DISCUSSION

[¶14]   Mr. Bressette argues his truck[1] was seized from a location where it was legally parked, turned over to A1 Towing without notice to him, and sold without notice or an opportunity to be heard.  He argues this violates his right to due process of law under the Fourteenth Amendment and he should be compensated for the value of his property. Maybe so.  But instead of filing a separate civil action wherein he demonstrated compliance with the Wyoming Governmental Claims Act, *see* Wyo. Stat. Ann. §§ 1-39-101 through 1-39-124, he filed a motion under W.R.Cr.P. 41(g).  That rule does not authorize the relief Mr. Bressette seeks.

[¶15]   Seizure and retention of personal property by law enforcement is governed by Wyoming Statute § 7-2-105. *Bunten*, 2023 WY 105, ¶ 8, 537 P.3d at 765.  "Any property seized by a peace officer shall be delivered immediately to the appropriate law enforcement agency." Wyo. Stat. Ann. § 7-2-105(b).  Law enforcement must "keep a record of the personal property it has in its custody, including the circumstances of its seizure and the names and addresses of persons with interests in the property." *Bunten*, 2023 WY 105, ¶ 8, 537 P.3d at 765.  "The head of the law enforcement agency shall maintain custody of the property pending an order of disposal by the court [] unless the property is otherwise released [to the owner]." Wyo. Stat. Ann. § 7-2-105(b).  If the owner of the property can be reasonably ascertained, law enforcement must deliver the property to the lawful owner "without judicial action unless the property constitutes evidence of a crime, the possession of the property would be unlawful or ownership and interest are in dispute." Wyo. Stat. Ann. § 7-2-105(c).  "If the property is lost, mislaid, abandoned or unclaimed or if possession of the property is unlawful," or if ownership is disputed, the statute sets out a process for a court to decide the proper disposition of the property. *See* Wyo. Stat. Ann. § 7-2-105(c)-(p).

---

[1] Ownership of the truck was not definitively established in the hearing.  Mr. Bressette testified that he purchased the truck in 2020 and produced a bill of sale and ownership assignment consistent with that testimony.  However, at the time it was searched, the truck contained a registration document issued by the State of North Dakota indicating that a person named Nikki Johnson owned the truck.  We assume without deciding that Mr. Bressette was the rightful owner of the truck as he claims.

[¶16] "Wyoming's 'general rule requires the return of seized property, other than contraband, to the rightful owner after the termination of criminal proceedings unless the government has a continuing interest in the property.'" *Bunten*, 2023 WY 105, ¶ 7, 537 P.3d at 764–65 (quoting *DeLoge v. State*, 2007 WY 71, ¶ 22, 156 P.3d 1004, 1011 (Wyo. 2007) (*DeLoge III*)). "If law enforcement does not return seized property, a person entitled to it may file a motion for its return under W.R.Cr.P. 41(g)." *Benedict*, 2024 WY 55, ¶ 18, 548 P.3d at 994–95. That rule provides:

> (g) Motion for return of property. — A person aggrieved . . . by the deprivation of property may move the court in which charges are pending or if charges have not been filed the court from which the warrant issued for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. **If the motion is granted, the property shall be returned to the movant**, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. . . .

W.R.Cr.P. 41(g) (emphasis added).

[¶17] "A W.R.Cr.P. 41(g) motion is filed in the criminal case underlying the property's seizure, but it is a civil proceeding." *Benedict*, 2024 WY 55, ¶ 19, 548 P.3d at 995. "When the motion is filed after the criminal proceedings have concluded, the State has 'the burden of proof to show that it has a legitimate reason to retain the property.'" *Bunten*, 2023 WY 105, ¶ 11, 537 P.3d at 766 (quoting *DeLoge III*, 2007 WY 71, ¶ 22, 156 P.3d at 1011). "The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return." *Id.* "However, because a Rule 41(g) proceeding is civil, the burden the State must meet is a showing by a preponderance of the evidence." *Benedict*, 2024 WY 55, ¶ 19, 548 P.3d at 995.

[¶18] A W.R.Cr.P. 41(g) motion "is essentially a replevin action[.]" *DeLoge v. State*, 2010 WY 60, ¶ 20, 231 P.3d 862, 866 (Wyo. 2010) (*Deloge IV*) (quoting *State v. Wetherbee*, 866 A.2d 527, 534 (Vt. 2004)). "As a general rule, a court does not have jurisdiction to grant a Rule 41 motion for return of the property when the evidence establishes that the governmental defendant no longer has possession of the property." *DeLoge IV*, 2010 WY 60, ¶ 17, 231 P.3d at 865 (citing *Clymore v. United States,* 415 F.3d 1113, 1120 (10th Cir. 2005) and *Okoro v. Callaghan,* 324 F.3d 488, 491 (7th Cir. 2003)).

[¶19] Here the undisputed evidence established, and the district court properly concluded, the governmental defendant no longer had possession of the property. While the district court stated the "vehicle was not seized by the State after the search[,]" our review of the order leads us to the conclusion the district court was referring to the concept of possession

rather than seizure. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984). We think it self-evident that "police have seized the vehicle once they call a tow truck to take it away." *United States v. Richards*, 147 F. Supp. 2d 786, 789 (E.D. Mich. 2001) (citing *Lewis v. Cardwell*, 476 F.2d 467, 468 (6th Cir. 1973), *rev'd on other grounds*, 417 U.S. 583, 94 S. Ct. 2464, 41 L.Ed.2d 325 (1974)); *see also United States v. Williams*, 650 F. Supp. 2d 633, 654 (W.D. Ky. 2009). Once law enforcement "seizes" property, its obligations under Wyoming Statute § 7-2-105 begin, including the obligation to "maintain custody of the property" until it is released in compliance with the statute. Whether or not law enforcement complies with its obligations under § 7-2-105, if the government no longer possesses the property a Rule 41(g) motion must be denied. *DeLoge IV*, 2010 WY 60, ¶ 17, 231 P.3d at 865.

[¶20]  Recognizing the district court could not order the relief authorized by Rule 41(g), Mr. Bressette asked to be compensated for the value of his property. We previously considered and rejected a similar request in *DeLoge IV*. In that case, Mr. DeLoge filed a motion for return of property that had been transferred to another state for use in an investigation. 2010 WY 60, ¶¶ 6–7, 231 P.3d at 863–64. Because the property was no longer in the possession of the State of Wyoming, we held the "district court did not, therefore, have jurisdiction under Rule 41(e)[,now (g),] to order that it be returned to him." *Id.* at ¶ 21, 231 P.3d at 866.

[¶21]  "After the district court ruled that it did not have authority to grant Mr. DeLoge's motion for return of his property, Mr. DeLoge asked for compensation for his loss." *Id.* at ¶ 22, 231 P.3d at 866. We noted there was "a split among federal courts with regard to whether Rule 41 gives the court authority to grant monetary damages for the government's loss or destruction of a defendant's property." *Id.* After reviewing the available federal cases, we agreed with the majority view that sovereign immunity bars monetary relief under Rule 41 when the government no longer possesses the property.[2] *Id.* at ¶¶ 22, 26,

---

[2] Those courts include: *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005) ("We agree with the majority of the circuits and conclude sovereign immunity bars monetary relief in a Rule 41 ([g]) proceeding when the government no longer possesses the property"); *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) ("Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property."); *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) ("No one supposes that Rule 41(g) was intended to waive the sovereign immunity of the federal government."); *United States v. Hall*, 269 F.3d 940 (8th Cir. 2001) (Rule 41([g]) does not contain a waiver of sovereign immunity necessary to authorize monetary relief against the government); *United States v. Potes Ramirez*, 260 F.3d 1310, 1315–16 (11th Cir. 2001) (sovereign immunity protects the government from money damages resulting from the destruction of a petitioner's property); *United States v. Jones*, 225 F.3d 468, 469–70 (4th Cir. 2000) (courts lack jurisdiction to award damages under Rule 41([g]) in absence of an express waiver of immunity or an express act of Congress); *United States v. Bein*, 214 F.3d 408, 413 (3d Cir. 2000) ("a Federal Rule of

231 P.3d at 866–68. We concluded there was "no basis in Rule 41([g]) or the Governmental Claims Act for the mandatory claims procedure to be ignored[,]" and Mr. DeLoge's motion contained no indication that he had filed a governmental claim in compliance with that act. *Id.* at ¶ 26, 231 P.3d at 867. Accordingly, we concluded "the district court correctly denied Mr. DeLoge's request for damages because his claim is barred by the doctrine of sovereign immunity." *Id.* at ¶ 26, 231 P.3d at 867–68.

[¶22] The same result is required here. Mr. Bressette's Rule 41(g) motion contains no indication that he has filed a governmental claim or otherwise complied with the Wyoming Governmental Claims Act. Accordingly, his claim for damages in this case is barred by the doctrine of sovereign immunity, and the district court properly denied his alternative request for relief.

[¶23] Our conclusion that Mr. Bressette is not entitled to relief under Rule 41(g) does not mean that he is left without any recourse for the due process violations he asserts. "The denial of relief under Rule 41(g) is not with prejudice against the movant's filing a civil suit for the value of property taken from him and then lost." *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). "Indeed the denial clears the deck for his filing a civil suit and is normally preferable to contorting a motion filed under the criminal rules into a civil pleading."[3] *Id.*

## CONCLUSION

[¶24] The district court did not err when it concluded that it did not have jurisdiction to order the return of Mr. Bressette's property or to grant him money damages under Rule 41(g).

[¶25] Affirmed.

---

Criminal Procedure that does not expressly provide for an award of monetary damages does not waive sovereign immunity."); *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998) ("Rule 41 ([g]) makes no provision for monetary damages, and we will not read into the statute a waiver of the federal government's immunity from such damages.").

[3] Some courts have concluded "when a district court conducting a Rule 41([g]) proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding pro se, such as Hall) an opportunity to assert an alternative claim for money damages." *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001). We disagree. Converting a motion in a criminal case into a civil complaint presents numerous procedural difficulties. We think the better practice is to require the defendant to file a separate civil action.