# IN THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 64

### APRIL TERM, A.D. 2026

### June 12, 2026

JESSE ALEXANDER MOSTAERT,

Appellant,

v.

THE STATE OF WYOMING,

Appellee.

S-25-0221

*Appeal from the District Court of Natrona County*
The Honorable Kerri M. Johnson, Judge

*Representing Appellant:*
Office of the State Public Defender:  Patricia L. Bennett, State Public Defender*;
Kirk A Morgan, Chief Appellate Counsel.

*Representing Appellee:*
Keith Kautz, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney
General; Kristen R. Jones, Senior Assistant Attorney General.

\* An Order Substituting Patricia L. Bennett for Brandon Booth was entered on April 15, 2026.

*Before BOOMGAARDEN, C.J., GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]   Jesse Mostaert was charged with multiple counts of felony theft for stealing items from several stores in Eastridge Mall in Casper.  The items from the Mall, along with various other items, were seized after police located them in a vehicle Mr. Mostaert left in the Mall parking lot.  Mr. Mostaert eventually pleaded guilty to one count of felony theft. He filed various motions seeking return of some of the seized property, claiming it was his personal property rather than stolen property.  Ultimately, the district court found the State had a legitimate interest in retaining the property and denied Mr. Mostaert's final motion. Mr. Mostaert now appeals, alleging the district court abused its discretion in denying his motion.  We affirm.

## ISSUE

[¶2]   Mr. Mostaert raises a single issue on appeal, which we rephrase as follows:

> Did the district court abuse its discretion when it denied Mr.
> Mostaert's motion to return seized property under Wyoming
> Rule of Criminal Procedure (W.R.Cr.P.) 41(g)?

## FACTS

[¶3]   On October 22, 2023, Mr. Mostaert and an accomplice shoplifted merchandise from several stores in the Mall.  Best Buy employees reported to Casper police that two men in a black Jeep with a bicycle rack stole items from the store, prompting an investigation.

[¶4]   Detective Megan Dovala responded to the Mall and located the black Jeep in the parking lot.  A K9 officer unit performed an open-air sniff of the vehicle and alerted to the presence of controlled substances.  Due to security concerns, however, officers deferred a full search of the vehicle at that time.

[¶5]   The Jeep's owner, Cheyenne Garduno, arrived at the Mall after Mr. Mostaert called to inform her that police were with the Jeep at the Mall and that he had "given the vehicle to [another man.]"  She confirmed to police that Mr. Mostaert had the vehicle because he was supposed to be fixing it.  However, the Jeep was not registered, and Mr. Mostaert did not have permission to drive it.  Ms. Garduno denied ownership of the bicycle rack, bicycles, and other items in the Jeep and consented to the vehicle being transported to evidence storage and searched completely.

[¶6]   A subsequent search of the Jeep by Detective Dovala uncovered merchandise stolen from Best Buy, Spencer's, Pro Image Sports, and Spirit Halloween.  The items recovered from Best Buy included a Zagg brand Apple Watch 360 screen shield, a Zagg brand Apple Watch ultra-clear screen protector, a matte black Microsoft surface Pen Slim 2, and a red

1

colored Microsoft Surface pen. Police also recovered other suspected stolen items, including an unactivated iPhone in the box with a scratched off serial number, Apple Watch accessories, a Trek mountain bike, a Jetson electric bike, and various tools Detective Dovala suspected were stolen from Ace Hardware and O'Reilly Auto Parts.[1]

[¶7]    Along with recovering physical items, police also observed Mr. Mostaert and his accomplice stealing items from Spencer's and Pro Image Sports via video surveillance footage. Videos from each store showed Mr. Mostaert entering the store, selecting and concealing items, and exiting the store without purchasing the items. The Spirit Halloween store manager provided a list of items stolen by Mr. Mostaert, which were recovered during the search of the Jeep.

[¶8]    Police eventually arrested Mr. Mostaert for the Mall thefts and charged him with three counts of felony theft as a fifth or subsequent offense in violation of Wyo. Stat. § 6-3-402(a)(j) (2025). Mr. Mostaert initially pleaded not guilty on all three charges. On July 31, 2024, Mr. Mostaert filed two separate Rule 41(g) motions for the return of seized property, described as "my property seized from my black Jeep, registered in [Cheyenne Garduno's name,] [f]rom [the] Estridge [sic] mall theft case," and included a specific list of items to be returned:

> One Trek Mountain Bike w/ Blue Rubber Hand Grips
> Black Jetson Electric Bike
> New [iPhone] in the box
> Various Hand Tools Etc.
> Black ThinkPad Laptop w/ Stickers
> Alpine Subwoofer (In Box) (Part of Jeep)
> Audio Amplifier (Part of Jeep)
> Silver Laptop
> Adidas Duffel Bag
> Various Assorted Gold Jewelry
> Various Clothing
> Shoes
> All Items included with All CR-Cases

Mr. Mostaert filed a third Rule 41(g) motion on August 13, 2024, and sought the return of "property seized from my 2016 Black Jeep Liberty @ Estridge [sic] Mall[.]" He listed the items as "any and all Bikes (Trek) (Jetson) ect [sic], Laptops, new iPhone in box, tools, clothing, backpacks, phones, electronics, gold, jewlery [sic]."

---

[1] Six days before the Eastridge Mall incident, Mr. Mostaert stole items from Ace Hardware. He eventually pleaded guilty to felony theft in that case, which is unrelated to this appeal.

[¶9]   On August 13, 2024, Mr. Mostaert changed his plea.  The district court held a combined change of plea and sentencing hearing for both the Mall case and a separate theft case from January 2024 involving Rocky Mountain Discount Sports in Casper.  Mr. Mostaert pleaded guilty to one count of felony theft in the Mall case and one felony count relating to the Rocky Mountain Discount Sports theft case.  The district court sentenced Mr. Mostaert to concurrent terms of four to eight years for the thefts and ordered those sentences to be served consecutively to one of Mr. Mostaert's drug convictions for which he was sentenced earlier that year.

[¶10]  During the sentencing hearing, the district court also addressed the Rule 41(g) motions filed up to that point.  It denied those motions due to pending federal investigations into Mr. Mostaert involving multiple laptops and cell phones, and because authorities were working to identify which items were stolen.  The court advised Mr. Mostaert he could renew his motion if the parties could not come to an agreement on which remaining items could be returned to Mr. Mostaert.  Mr. Mostaert refiled his Rule 41(g) motion the next day, on August 14, 2024, and attached a copy of the second motion he filed.

[¶11]  The district court held a hearing on Mr. Mostaert's Rule 41(g) motion on June 17, 2025.  At that hearing, the court limited its review to property seized during the Mall theft investigation.  The court applied a preponderance of the evidence standard, noting that while there is a presumption that the person from whom the property was taken has the right to its return, the State may overcome the presumption by showing a legitimate reason to retain the property.  Detective Dovala testified the Jeep contained items reported stolen from Best Buy, including computer equipment and a watch cover, along with clothing, costumes, an iPhone with a scratched off serial number,  and bicycles that "appeared new." She also testified to finding other items formerly reported as stolen from Ace Hardware, new-in-the-box tools she suspected as stolen, and other electronic items that were either brand new or freshly torn out of their packages with no receipts found.  Detective Dovala also stated some items Mr. Mostaert requested returned were not actually found in the Jeep, including jewelry, backpacks, an iPad and laptops.  The State argued it had a legitimate reason to retain the property because it did not belong to Mr. Mostaert.  Mr. Mostaert presented no witnesses or other evidence, but argued there were tools in the Jeep that he could use to fix it, he paid $900 for the Jetson bike, and the cell phone found did not have its serial number scratched off.  Otherwise, Mr. Mostaert simply relied on the argument that the court should presume the property belonged to him, and the State had not met its burden to prove it had a legitimate basis to retain the property found in the Jeep.

[¶12]  The district court denied the Rule 41(g) motion.  The court concluded the State proved that it was more likely than not that Mr. Mostaert lacked a lawful right to possess the property.

[¶13]  This appeal followed.

## STANDARD OF REVIEW

[¶14]   We review a district court's ruling on a motion for return of seized property for an abuse of discretion. *Benedict v. State,* 2024 WY 55, ¶ 20, 548 P.3d 989, 995 (Wyo. 2024) (citing *Bunten v. State*, 2023 WY 105, ¶ 6, 537 P.3d 763, 764 (Wyo. 2023)). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Benedict*, ¶ 20, 548 P.3d at 995 (quoting *Winney v. Jerup*, 2023 WY 113, ¶ 14, 539 P.3d 77, 82 (Wyo. 2023)).

> A district court does not abuse its discretion if it could reasonably conclude as it did.  To determine whether the district court's decision was reasonable, we consider the evidence in the light most favorable to the district court's decision, affording every favorable inference to the prevailing party and omitting from our consideration the conflicting evidence.

*Benedict*, ¶ 20, 548 P.3d at 995 (quoting *Winney*, ¶ 14, 539 P.3d at 82-83).

## DISCUSSION

[¶15]   Mr. Mostaert argues the district court abused its discretion when it denied his motion to return seized property under W.R.Cr.P. 41(g).  He contends he is the presumptive lawful owner of the disputed property, and the court improperly shifted the burden to him to prove ownership.  However, Mr. Mostaert did not rebut the State's evidence that the property was likely stolen and alleged insufficient facts to support his claims.

[¶16]   Wyo. Stat. Ann. § 7-2-105 (2025) governs law enforcement's seizure of personal property.  *Bunten*, ¶ 7, 537 P.3d at 765.  Wyoming's general rule regarding seized property requires the return of seized property, other than contraband, to its rightful owner after the conclusion of criminal proceedings unless the government has a continuing interest in the property.  *Benedict*, ¶ 18, 548 P.3d at 994 (quoting *Bunten*, ¶ 7, 537 P.3d at 765).

[¶17]   If law enforcement does not return seized property, a person who believes he is entitled to the property may file a motion for its return under Rule 41(g).  *Benedict,* ¶ 18, 548 P.3d at 995 (quoting *Bunten*, ¶ 7, 537 P.3d at 765).  The rule provides:

> A person aggrieved … by the deprivation of property may move the court … for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary

4

to the decision of the motion. If the motion is granted, the property shall be returned to the movant.

W.R.Cr.P. 41(g).

[¶18] When a Rule 41(g) motion is filed after the conclusion of the criminal proceeding, the State bears the burden of establishing a legitimate interest in retaining the property, as there is generally a presumption that the person from whom property was taken is entitled to its return.[2] *Benedict*, ¶ 19, 548 P.3d at 995 (citing *Bunten*, ¶ 11, 537 P.3d at 766). The State may rebut the presumption of ownership by demonstrating "a cognizable claim of ownership or right to possession adverse to that of the movant." *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quoting *United States v. Chambers,* 192 F.3d 374 (3d Cir. 1999)). If the State overcomes the presumption of ownership, the movant must then establish a "right to lawful possession" of the property. *Clymore,* 245 F.3d at 1202. A Rule 41(g) motion is properly denied if the movant is not entitled to lawful possession of the seized property; otherwise, ignoring this requirement could result in criminal defendants gaining a "conclusively presumptive property right in the fruit of their criminal conduct" through a Rule 41(g) motion. *Id.* at 1200.

[¶19] Although a Rule 41(g) motion is filed in the criminal case underlying the property's seizure, it is a civil proceeding. *Benedict*, ¶ 19, 548 P.3d at 995 (citing *Bunten*, ¶ 11, 537 P.3d at 766). Accordingly, the State must meet its burden to establish a legitimate interest in the property by a preponderance of the evidence. *Benedict*, ¶ 19, 548 P.3d at 995 (citing *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990) and *Davis v. State*, 2018 WY 40, ¶ 47, 415 P.3d 666, 682 (Wyo. 2018)). A preponderance of the evidence is "proof which leads the trier of fact to find that the existence of the contested fact is more probable than its non-existence." *Benedict*, ¶ 19, 548 P.3d at 995 (citation omitted).

---

[2] Because the district court denied Mr. Mostaert's original Rule 41(g) motions and he refiled his final motion after sentencing, the State has the burden of showing its interest in retaining the property. *See Benedict,* ¶ 19, 548 P.3d at 995. As the Ninth Circuit has explained, "the burden of proof on a Rule 41(g) motion depends on when the defendant files the motion." *United States v. Wright,* 49 F.4th 1221, 1225 (9th Cir. 2022) (quoting *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014)). "When a motion for return of property is made before an indictment is filed but a criminal investigation is pending, the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *Gladding,* 775 F.3d at 1152 (quoting *United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir.1987)). That burden changes when the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or the government has abandoned its investigation. *Wright,* 49 F.4th at 1225 (citation omitted). At that point, the burden of proof shifts and the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Id.* (citation omitted).

[¶20]   This Court has recognized the presumption favoring return of property to the person from whom it was seized.  *See Bressette v. State*, 2025 WY 125, ¶ 17, 579 P.3d 1122, 1126 (Wyo. 2025) (recognizing "there is a presumption that the person from whom the property was taken has a right to its return"); *see also Benedict*, ¶ 19, 548 P.3d at 995; *Bunten,* ¶ 11, 537 P.3d at 766; *DeLoge v. State (DeLoge III),* 2007 WY 71, ¶ 22, 156 P.3d 1004, 1011 (Wyo. 2007).   The mechanics of that presumption in cases involving alleged stolen property have gone, for the most part, unexamined in Wyoming.   Regardless, even assuming Mr. Mostaert was the presumptive owner, the State presented sufficient evidence to rebut that presumption.

[¶21]   While the State bears the initial burden to show it has a legitimate interest to retain the property, a district court's ruling on a Rule 41(g) motion depends on its assessment of the parties' conflicting evidence.   *See, e.g., Bressette,* ¶¶ 9-10, 579 P.3d at 1124-25 (comparing Mr. Bressette's evidence and the State's response).   Under our standard of review, we afford the district court's decision all favorable inferences from the evidence, accepting its supported findings as true and disregard conflicting evidence.   *See Benedict,* ¶ 20, 548 P.3d at 995 (citation omitted).   We do not reweigh the evidence.   *Id.*

[¶22]   Here, it was reasonable for the district court to conclude the State proved that returning the property to Mr. Mostaert would more likely than not result in returning stolen property to a person who was not its rightful owner.   Mr. Mostaert pleaded guilty to one count of felony theft.   As part of the basis for his plea, he admitted to stealing items from Best Buy, though he "didn't really know" exactly what items he stole.   Officer Dovala testified in detail about the seized items and explained why she believed they were stolen.   First, Detective Dovala testified about the property Mr. Mostaert stole from Best Buy, including "Netgear equipment," "Zagg equipment," and Microsoft Surface pens, all identified as belonging to Best Buy.   Those items were returned to Best Buy.   Detective Dovala stated one iPhone was found in the Jeep, but "the serial number on the box was scratched, so we couldn't tell or go to stores to see if [any stores] had that serial number in any of their inventory."   She also stated ownership could not be determined for the Trek bike, and then testified about the Jetson bike:

> That item was believed to have been stolen from Walmart, but … they don't always report to us at the exact moment that a theft has occurred.   But the bike appeared new.   It was not charged.   There was no damage, like wear and tear, any chips or anything like that at the base of the bottom, like where rocks kind of fling up from tires and there was no dirt or anything on the tread of the bike tires.

She also testified regarding the tools found in the Jeep:

… [S]ome of them were Milwaukee tools, which the one incident at Ace Hardware was a driver set that was taken from Ace, which was one of the Milwaukee tools that was located. Another was a tool accessory that was Milwaukee and M[]28 battery, which only goes to industrial size power tools. [T]hat battery is not compatible with handheld power tools like most individuals use for typical home repair.

And then there were – I don't recall the brand, but there was another brand of tools that appeared to be new from a box if I recall. That brand is particular to O'Reilly Auto Parts stores. It's a brand that they specifically sell.

We were not able to identify ownership for all the tools.

[¶23] Detective Dovala's testimony supported the reasonable conclusion that the items were not Mr. Mostaert's lawful property. *See Benedict*, ¶ 22, 548 P.3d at 996 (giving all favorable inferences to the State, finding the district court's decision to deny a Rule 41(g) motion was reasonable). Importantly, Mr. Mostaert did not attempt to rebut most of Detective Dovala's testimony and presented no evidence showing he had a right to lawfully possess any of the property seized. Under our standard of review, we do not consider his argument that he purchased the Trek bike or possessed other seized items for innocent purposes.[3] The State also offered unrefuted evidence that it did not seize and was not in the possession of several items Mr. Mostaert sought to recover, including an iPad, laptops, a duffle bag, gold jewelry, and clothing. The State cannot return what it does not have. *See Bressette,* ¶ 19, 579 P.3d at 1125 ("Whether or not law enforcement complies with its obligations under § 7-2-105, if the government no longer possesses the property a Rule 41(g) motion must be denied.") (citation omitted). Moreover, police returned all clothing items associated with the thefts from Spencer's, Pro Image Sports, and Spirit Halloween to those stores after no receipts were found for any of the items.

[¶24] Even if a defendant was the last holder of property, "considerable evidence" that property is stolen is enough to overcome any presumption of entitlement. *United States v. Wright*, 49 F.4th 1221 (9th Cir. 2022) (concluding the government rebutted the presumption by showing disputed cash was tied to robberies, seized shortly after those crimes, and concealed in a manner suggesting it was stolen). That reasoning applies here. Law enforcement seized the property from the Jeep shortly after a report its occupants had shoplifted from a Best Buy. Mr. Mostaert gave inconsistent statements about his possession of the vehicle, first stating he loaned the Jeep to another man at the Mall that day, but later claiming in his Rule 41(g) motions that the items found were his. He also

---

[3] Interestingly, Mr. Mostaert's argument at the Rule 41(g) hearing about the tools found in the Jeep was not that he did not steal them, but instead that he had them so he could fix the Jeep.

7

attempted to conceal the origin of the items, including removing merchandise from its packaging and altering identifying information. This evidence points to an attempt at concealing property, which supports an inference Mr. Mostaert stole the property.

## CONCLUSION

[¶25] Accepting the State's evidence as true, and giving it all favorable inferences, the district court did not abuse its discretion when it denied Mr. Mostaert's Rule 41(g) motion and concluded the State proved it had an interest in retaining the property found in the Jeep.

[¶26] Affirmed.